UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL KYLES MENDEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 21cv1523-LL-KSC<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY FEES AND COSTS**<br><br>**[ECF No. 14]** |

Plaintiff Cheryl Kyles Mendez originally brought this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on August 27, 2021, seeking judicial review of the denial of her application for a period of disability and disability insurance benefits. ECF No. 1. On September 6, 2022, the Court granted the parties' joint motion to remand this action to the Social Security Administration ("the Agency") and vacate the denial of Plaintiff's application pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 13. On March 14, 2023, the parties filed the instant Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920. ECF No. 14. For the reasons set forth below, the Court **GRANTS** the parties' Joint Motion.

## I. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), a litigant is "entitled to attorney's fees and costs if: (1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A). The prevailing party must file an EAJA application within thirty days of final judgment in the action and submit an itemized statement showing the actual time spent and the rate that the fees and expenses were computed. 28 U.S.C. § 2412(d)(1)(B). Fees and expenses awardable under EAJA include reasonable attorney fees, but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. 2412(d)(2)(A).

## II. DISCUSSION

### A. Timeliness

"In sentence four cases, the filing period begins after the final judgment . . . is entered by the court and the appeal period has run[.]" *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *see also* 28 U.S.C. § 2412(d)(1)(B). EAJA requires "that a 'final judgment' be entered in the civil action[.]" *Id.* (citing 28 U.S.C. § 2412(d)(1)(B)). And Rule 58 of the Federal Rules of Civil Procedure requires that a judgment be set out in a separate document. *See* Fed. R. Civ. P. 58(a) (enumerating certain exceptions). "If a separate document is required, and one is not filed, judgment is entered automatically 150 days after the court enters an order disposing of a case." *Kingsbury v. United States*, 900 F.3d 1147, 1149 (9th Cir. 2018) (per curiam) (citing Fed. R. Civ. P. 58(c)(2)(B)). The appeal period begins "after entry of the judgment or order" as dictated by Rule 58. Fed. R. App. P. 4(a)(1)(B), 4(a)(7)(A)(ii). Furthermore, a litigant has sixty days to appeal against an agency of the United States, and such period is provided even where the judgment is unopposed by the agency. *See Van v. Barnhart*, 483 F.3d 600, 611 (9th Cir. 2007) (citing *Shalala v. Shaefer*,

509 U.S. 292, 298, 302-03 (1993)); Fed. R. App. P. 4(a)(1)(B)(ii). Where a separate document of judgment has not been entered, the Court still looks to the time period under which the order granting remand remains appealable, and calculates the filing period for an application for EAJA fees from the end of the period for appeal. *See Schaefer*, 509 U.S. at 303, 303 n.6 (1993) (holding that a sentence four remand order *did* constitute a judgment, and that failure to follow the formalities of Rule 58 was an error which a party seeking an untimeliness defense had the burden to address). In other words, the thirty-day period to file an EAJA fee application begins to run at the conclusion of the appeal period. *Van*, 483 F.3d at 611 (citing 28 U.S.C. § 2412(d)(1)(B); *Akopyan v. Barnhart*, 296 F.3d 852, 856-57 (9th Cir. 2002); and Fed. R. App. P. 4(a)). Therefore, where no separate judgment has been filed following a sentence four remand order, as it occurred in this case, an EAJA fee application is timely if filed within 240 days after the entry of the remand order. *See, e.g.*, *Hodges-Williams v. Barnhart*, 221 F.R.D. 595, 598 (N.D. Ill. 2004). Between the entry of the Court's remand order on September 6, 2022 [ECF No. 13], and the parties' Joint Motion for fees under EAJA on March 14, 2023 [ECF No. 14], 189 days elapsed. As such, the Joint Motion is timely.

### B. Prevailing Party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Shaefer*, 509 U.S. at 297-02). Accordingly, because the Court previously remanded Plaintiff's case to the Agency under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered a prevailing party under EAJA for the purposes of the instant Joint Motion.

### C. Substantial Justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). In the instant case, the parties have stipulated to the EAJA amount, and explain that "[t]his stipulation constitutes a

compromise settlement of Mendez's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise." Because Defendant previously filed a joint stipulation to remand this case under sentence four, now stipulates to the award of attorney fees, and has not argued that its position was substantially justified, the Court finds that the Agency has not met its burden to show that its position was substantially justified.

### D. Reasonableness of Fees and Costs

EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but limits that fee to $125 per hour unless the Court determines that the increase in a cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases."). Accordingly, the Ninth Circuit has set its own statutory maximum EAJA rates, factoring in annual increases in the cost of living. The statutory maximum rate for work performed in 2022 in the Ninth Circuit was $234.95, and $217.54 for work performed in 2021. See United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited April 17, 2023). A prevailing party under EAJA may also recover reasonable paralegal fees, and the Court may approve paralegal fees at prevailing market rates. *See Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009). For instance, other judges in this district have found $130 to be a reasonable hourly rate for paralegal work in social security cases. *See, e.g.*, *Toni Lynn B v. Saul*, No. 3:19-cv-925-AHG, 2020 U.S. Dist. LEXIS 124308, at *6-7 (S.D. Cal. July 15, 2020); *Smith v. Berryhill*, No. 3:17-cv-2108-CAB-RNB, 2019 U.S. Dist. LEXIS 89885, at *5 (S.D. Cal. Mar. 14, 2019). The itemized statement of work filed by Plaintiff's counsel calculates attorney fees based on a $217.54 hourly rate for 4.3 hours of work performed in 2021 and 2022 by counsel, paralegal fees based on a $143 hourly rate for 2.3 hours of work performed in 2021 and 2022, and $17.13 in expenses, for a total of

$1,281.45. The Court finds the rates billed by Plaintiff's counsel to be reasonable. Further, the Court does not question counsel's judgment that the hours she expended were necessary to achieve a favorable result for her client in this case. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (noting that courts generally defer to counsel's professional judgment as to how much time was required to spend on the case). Accordingly, the Court finds that the parties' requested amount of $1,200.00 in attorney fees and expenses [ECF No. 14 at 1] is reasonable.

### E. Assignment of Rights to Counsel

The parties request that "[f]ees shall be made payable to Mendez, but if the Department of the Treasury determines that Mendez does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Office of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by Mendez." ECF No. 14 at 2. In relevant part, the signed retainer agreement between Plaintiff and her counsel states that she will "endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney." ECF No. 14-1 ¶ 4.

An EAJA fee award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589, 597 (2010). Pursuant to *Astrue*, if the Department of the Treasury confirms that Plaintiff does not owe a federal debt, then the government shall cause payment of EAJA fees to be made directly to the Law Office of Lawrence D. Rohlfing and delivered to Monica Perales, Plaintiff's counsel, pursuant to Plaintiff's assignment.

\\\
\\\
\\\
\\\
\\\
\\\

### III.   CONCLUSION

In accordance with the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act [ECF No. 14] is **GRANTED**.

2. Plaintiff is awarded attorney fees under the Equal Access to Justice Act in the amount of $1,200.00; and

3. Pursuant to *Astrue*, any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Monica Perales.

**IT IS SO ORDERED**.

Dated:  April 19, 2023

Honorable Linda Lopez
United States District Judge